IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE EDWARDS, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO.   19-3495 |
| KEVIN RANSOM, et al. | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 12th day of December, 2022, upon consideration of Petitioner Bryant Kevin Johnson's Amended Petition for Writ of Habeas Corpus (Doc. No. 4), Respondents' Answer (Doc. No. 24), Petitioner's Reply (Doc. No. 38), the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. No. 41), and Petitioner's Objections (Doc. No. 45), I find the following:

Procedural History[1]

1. On March 1, 2012, following a jury trial, Petitioner was found guilty of second-degree murder, attempted murder, aggravated assault, criminal conspiracy, and possession of an instrument of crime.

2. Petitioner filed an appeal alleging insufficiency of the evidence and verdict against the weight of the evidence. On June 17, 2013, the Pennsylvania Superior Court affirmed the convictions.

3. On May 22, 2014, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, et seq. Appointed counsel filed an amended PCRA petition, which was dismissed by the PCRA Court on October 31, 2017.

---

[1]   I incorporate by reference the factual and procedural history as set forth in the Report and Recommendation.

4. Petitioner timely appealed, arguing that trial counsel was ineffective for failing to object to the trial court's alibi jury instruction and failing to file a motion to suppress identification evidence. On January 11, 2019, the Superior Court affirmed the PCRA Court's dismissal.

5. On July 29, 2019, Petitioner filed the current *pro se* Petition for Writ of Habeas Corpus. On July 31, 2019, he filed an Amended Petition setting forth two grounds for relief: (1) trial counsel was ineffective for failing to object to the trial court's erroneous alibi instruction, and (2) trial counsel failed to properly prepare for trial by presenting conflicting testimony of two alibi witnesses.

6. I referred the case for a Report and Recommendation to Magistrate Judge Lynne A. Sitarski. On April 27, 2022, Judge Sitarski issued a Report and Recommendation ("R&R") finding that the state court's rejection of Petitioner's first claim was neither contrary to nor an unreasonable application of federal law, and that Petitioner's second claim was procedurally defaulted.

7. Petitioner filed Objections to the R&R, setting forth the following arguments: (1) the Magistrate Judge erred in denying Petitioner leave to amend his habeas petition where Petitioner demonstrated a state-created impediment to filing; (2) the Magistrate Judge erred by denying Petitioner leave to amend where Petitioner made a showing of actual innocence; (3) the Magistrate Judge erred in determining that the alibi instruction was proper; and (4) the Magistrate Judge erred by concluding that his claim of trial counsel ineffectiveness for failure to prepare two alibi witnesses was procedurally defaulted. I address each Objection individually.

Objection 1 – Whether the Magistrate Judge Erred in Denying Leave to Amend Where Petitioner Demonstrated a State-Created Impediment to Filing

8. Petitioner first contends that, on August 20, 2021, he filed a Motion for Leave to Amend to add additional habeas claims. In that Motion, he alleged that the policies and procedures implemented during the COVID-19 pandemic prevented him from seeking leave to amend within statutory deadlines. According to Petitioner, Judge Sitarski summarily denied his request

without considering his allegations that the institutional law library was inaccessible between March 30, 2020 and July 8, 2021.

9. Petitioner mischaracterizes Judge Sitarski's ruling. In his Motion for Leave to Amend, Petitioner sought to add four new claims to his habeas petition. With respect to one of the proposed new claims—ineffective assistance of trial counsel for failing to interview and prepare two alibi witnesses in advance of trial—Judge Sitarski determined that this claim was closely related to a claim raised in his original habeas petition. She found that because the two claims arose out of the same conduct, transaction, or occurrence, the new claim related back to Petitioner's timely original petition. As Federal Rule of Civil Procedure 15(a)(2) requires that leave to amend be freely given when justice so requires, and absent any objection from Respondent, Judge Sitarski granted Petitioner's Motion for Leave to Amend to add that claim.

10. As to the other three proposed new claims, Judge Sitarski found that leave to amend would be futile because the claims were untimely and did not relate back to his original petition. She explained that the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a strict one-year time limitation for the filing of any habeas petition. 28 U.S.C. § 2244(d)(1). She correctly recognized that the AEDPA's statute of limitations must be applied "on a claim-by-claim basis" and, thus, the timely filing of a habeas petition does not toll the statute of limitations for those claims not raised. Fielder v. Varner, 379 F.3d 113, 118–120 (3d Cir. 2004). Judge Sitarski noted that Petitioner had filed his original habeas petition on July 31, 2019, five days before the statute of limitations expired, but Petitioner did not file his Motion to Amend until more than two years later, on August 30, 2021. As these new claims did not arise out of the same "conduct, transaction, or occurrence," they did not relate back to his timely habeas petition under Federal Rule of Civil Procedure 15(c)(1)(B), and therefore, were untimely.

11. Moreover, Judge Sitarski determined that Petitioner failed to establish an entitlement to equitable tolling with respect to those untimely claims. She stated that, "[w]hile [Petitioner] argues that

the onset of the Covid-19 pandemic in March of 2020 prevented him from obtaining counsel and amending his petition, he does not explain why he could not have included these claims in his original petition or filed his amendment at any time before the pandemic. Additionally, the statute of limitations for these claims expired on August 5, 2019, well before the start of the pandemic." (ECF No. 39.) Accordingly, equitable tolling did not apply.

12. Petitioner's current Objection simply reiterates his previously-rejected argument that equitable tolling should apply due to the closure of the law library during the pandemic. However, as the statute of limitations for these claims expired prior to the pandemic-related restrictions, Petitioner's Objection has no merit.

<u>Objection 2 – Whether the Magistrate Judge Erred in Denying Leave to Amend Where Petitioner Made a Showing of Actual Innocence</u>

13. In his second Objection, Petitioner argues that that there was insufficient evidence to convict him of the underlying offenses because the Commonwealth failed to prove the key element of identity beyond a reasonable doubt. He also claims that the Commonwealth did not produce sufficient evidence that the killing of the victim was in furtherance of the commission of the crime of robbery or burglary. Therefore, he avers that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and "this demonstrates that Petitioner is actually innocent of the crime of homicide." (Pet.'s Objections 5.) Given this showing of actual innocence, Petitioner contends that the statute of limitations should not have applied and leave to amend his habeas petition should have been granted.

14. While the Supreme Court has found that a showing of actual innocence can excuse a failure to comply with the time bar under the AEDPA, it has stressed that the actual innocence standard is "demanding" and "seldom met." <u>McQuiggen v. Perkins</u>, 569 U.S. 383, 386 (2013). The Court remarked that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to

find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

15. Here, Petitioner's claim of actual innocence does not rest on any new evidence; rather, Petitioner simply re-raises sufficiency of the evidence claims that were considered and rejected by the Pennsylvania state courts. By re-couching them as actual innocence claims, Petitioner improperly attempts to end run the habeas corpus procedural rules and obtain untimely habeas review of the state court rulings.

16. Moreover, Petitioner has not established why the eyewitness identifications by one of the shooting victims and by another individual present at the scene were an insufficient basis on which a jury could, and did, convict him. Accordingly, I find that Petitioner has not met the "demanding" actual innocence standard, such that leave to amend his habeas petition should have been granted.

Objection 3 – Whether the Magistrate Judge Erred in Determining that the Alibi Instruction Was Proper

17. In his third Objection, Petitioner challenges the R&R's finding that the trial court's alibi instruction was proper. To support his Objection, Petitioner simply "incorporates" his reply brief in support of his Amended Petition and reiterates that the standard instruction given by the trial court "unlawfully shift[ed] the burden of proof from the prosecution to the defendant." (Pet.'s Objections 6.)

18. In considering this same argument, Judge Sitarski correctly noted that habeas review of this claim—a claim which was presented to and denied by the state courts—was restricted to whether the state court ruling was contrary to or an unreasonable application of federal law. (R&R 11–12.) Applying that standard, she found no error in the Pennsylvania Superior Court's conclusion that the alibi jury instruction substantively tracked and complied with the Pennsylvania suggested standard jury instruction. (R&R 16.)

19. I find no merit to Petitioner's current argument that the alibi jury instruction improperly shifted the burden of proof from the prosecution to the defense. Indeed, the trial court instructed the jury that it should consider the defense's alibi evidence "with all of the other evidence in the case, in determining whether the Commonwealth has met their burden of proving beyond a reasonable doubt that the defendant committed or took part in the commission of the crimes at issue . . . . The defendant's evidence that he was not present by itself or together with evidence may be sufficient to raise a reasonable doubt of his guilt." (N.T., Trial, 2/28/12, at 64:5–22.) Such an instruction is constitutionally proper, and, therefore, counsel was not ineffective for failing to object to it.

Objection 4 – Whether the Magistrate Judge Erred by concluding that Trial Counsel's Failure to Prepare Two Alibi Witnesses Was Procedurally Defaulted

20. Plaintiff's final Objection concerns his habeas claim that trial counsel was ineffective for failing to properly prepare for trial, and for failing to properly prepare two alibi witnesses to testify at trial. Judge Sitarski concluded that this claim was procedurally defaulted because it was not raised during PCRA proceedings. She also found that any ineffectiveness of PCRA counsel in failing to raise this claim did not constitute grounds to excuse the procedural default because (a) the underlying claim was not "substantial," and (b) because Petitioner had not shown the required prejudice, particularly in light of the fact that both alibi witnesses testified, albeit inconsistently.

21. In his Objections, Petitioner contends only that, "[c]urrently, this claim remains underdeveloped. However, [Petitioner] is presently working to obtain affidavits from the alibi witnesses to confirm that Trial Counsel was indeed ineffective. For preservation purposes, Petitioner submits that the Magistrate Judge erred." (Pet.'s Objections 6.)

22. In the ensuing five months since Petitioner filed these Objections, he has produced no additional evidence to substantiate his claim.  My independent review of this claim finds no error in Judge Sitarski's recommendation.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. No. 45) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 41) is **APPROVED** and **ADOPTED**;

3. The Amended Petition for Writ of Habeas Corpus (Doc. No. 4) is **DENIED** with prejudice and **DISMISSED** without a hearing;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

                                      **BY THE COURT:**

                                      */s/ Mitchell S. Goldberg*
                                      **MITCHELL S. GOLDBERG, J.**